IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**COLLETTE ANDERSON,**  )
                        )
       Plaintiff,     )
                        )
  v.                    )
                        )  No. 11 C 9233
**CENTERS FOR NEW HORIZONS, INC.,** a  )
**not-for-profit Illinois corporation,** )
**and GLORIA LAWSON, individually,** )
                        )
       Defendants.    )

**MEMORANDUM OPINION AND ORDER**

Collette Anderson filed a complaint against Centers for New Horizons, Inc. and Gloria Lawson alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 *et seq.* (counts I and II); sexual harassment in violation of the IHRA (count III); and retaliation in violation of Title VII of the Civil Rights Act of 1965 ("Title VII"), 42 U.S.C. § 2000e *et seq* (count IV).  Defendants have moved to dismiss certain claims alleged in plantiff's complaint.  For the following reasons, defendants' motion is granted.

I.

Plaintiff Collette Anderson is a 65-year-old woman who worked for Centers for New Horizons, Inc. ("Centers") from August 2010 until July 2011.  Plaintiff was hired as a teacher.  Shortly

after being hired, defendant Gloria Lawson, plaintiff's supervisor, began coming into plaintiff's classroom frequently. In late August 2010, defendant Lawson also began making sexually harassing comments to plaintiff. As a result, plaintiff tried to avoid contact with defendant Lawson.

On or around October 15, 2010, Lawson informed plaintiff that she did not like plaintiff's teaching style or classroom management. Lawson subsequently demoted plaintiff from teacher to teacher assistant, removing her to another classroom and allegedly replacing her with a younger employee. After plaintiff's demotion, Lawson continued to make plaintiff feel uncomfortable. For example, in January 2011 Lawson touched plaintiff's bicep and triceps and stated "ooooooh Ms. Anderson."

On April 7, 2011, plaintiff initiated a charge of discrimination with the Illinois Department of Human Rights ("IDHR") and the United States Equal Employment Opportunity Commission ("EEOC") for sexual harassment against Lawson. Plaintiff perfected the charge on November 15, 2011. On July 18, 2011, plaintiff filed a charge of age discrimination and sexual harassment. On or around July 28, 2011, plaintiff was discharged from Centers. On August 20, 2011, plaintiff filed another charge, alleging that she had been discharged in retaliation for filing the first two charges.

II.

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007).

In addition to the allegations contained in the complaint, "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *188 LLC v. Trinity Indus. Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) (quoting *Wright v. Assoc. Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994)). Further, a court "may also take judicial notice of matters of public record." *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994). As such, I may consider plaintiff's IDHR and EEOC charges attached to defendants' motion as well as IDHR records

3

submitted by the parties. *McGee v. United Parcel Serv., Inc.*, No. 01 C 9099, 2002 WL 449061, at *2 (N.D. Ill. March 22, 2002) (citations omitted) ("the court may take judicial notice of matters of public record, including records of administrative bodies such as the IDHR").

### III.

A. Count I

Plaintiff concedes that she cannot bring a claim under ADEA against Lawson as there is no individual liability under the statute. Plaintiff voluntarily dismisses count I against Lawson. With respect to Centers, defendants argue that plaintiff's age-related discharge claim under ADEA is outside the scope of her administrative charge. Plaintiff has effectively conceded dismissal of her age-related discharge claim by not addressing defendants' argument. *Cincinnati Ins. Co. v. Eastern Atlantic Ins. Co.*, 260 F.3d 742, 747 (7th Cir. 2001) (by failing to address an argument that is not frivolous or nondispositive, a non-moving party acquiesces in the movant's argument, and "acquiescence operates as a waiver"); *Stransky v. Cummins Engine Co., Inc.*, 51 F.3d 1329, 1335 (7th Cir. 1995) ("[W]hen presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action. . . . The federal courts will not invent legal arguments for litigants.").

Defendants' argument is not frivolous and it is dispositive. Plaintiff's charge of discrimination based on her age alleges only that she was demoted; the only charge relating to her discharge is based on retaliation. Generally, an administrative charge alleging only retaliation will not support a claim for age discrimination. *Lamas v. Freeman Decorating Co.*, 37 F.Supp.2d 1105, 1106 (N.D. Ill. 1999) (citing *Noreuil v. Peabody Coal Co.*, 96 F.3d 254, 258 (7th Cir. 1996)). As such, plaintiff's age-related discharge claim is dismissed. Count I, however, is not dismissed in its entirety, as defendants do not dispute that plaintiff has stated a claim for discrimination under ADEA regarding her demotion from teacher to teacher assistant.

    B.    Count II

Defendants argue, in relevant part, that count II must be dismissed because plaintiff has failed to exhaust her administrative remedies. Plaintiff argues indirectly that she has exhausted her administrative remedies because the EEOC issued a right to sue letter in relation to her age discrimination charge and that an IDHR investigator stated that the IDHR did not plan to further investigate the relevant charge. Plaintiff's arguments fail to persuade. First, "a right to sue letter from the EEOC does not serve as a substitute for a final order from the [IDHR]." *Jimenez v. Thompson Steel Co., Inc.*, 264 F.Supp.2d 693, 695 (N.D. Ill. 2003); *Hankins v. Best Buy Co., Inc.*, No. 10

5

CV 4508, 2011 WL 6016233, at *6 (N.D. Ill. Dec. 2, 2011) ("the fact that [the plaintiff] received a right to sue notice from the EEOC does not establish that he may bring suit under the IHRA"). Plaintiff filed her age-related charge, the only one of her three charges to claim discrimination on the basis of age, on or around July 18, 2011. Because 365 days have not passed since plaintiff filed her charge, *see* 775 ILCS 5/7A-102(G)(2), she cannot initiate a lawsuit without a final order from the IDHR. 775 ILCS 5/7A-102(D)(3)-(4). And while plaintiff states that the IDHR does not intend to take any further action on her July 18, 2011, charge, this is likely because she voluntarily withdrew the charge on or around September 19, 2011. As a result of having withdrawn the charge, plaintiff cannot now exhaust her administrative remedies and is barred from proceeding with her civil lawsuit against defendants based on age discrimination under the IHRA. *See Slaughter v. Fred Weber, Inc.*, 570 F.Supp.2d 1054, 1057-58 (N.D. Ill. 2008) (dismissing the plaintiff's IHRA claims where she had withdrawn her IDHR charge) (citations omitted); *Johnson v. Jewel Food Stores, Inc.*, No. 98 C 4440, 2000 WL 876093, at *2 (N.D. Ill. June 29, 2000) (holding that the plaintiff, who voluntarily withdrew a discrimination claim before the IDHR, failed to exhaust her administrative remedies becuase "[a]bsent a request to review the IDHR's actions, this court lacks subject matter jurisdiction over an IHRA claim"). Because

6

plaintiff has not, and cannot, exhaust her administrative remedies, count II is dismissed with prejudice.

    C.   Count III

As with count II, defendants argue that plaintiff has failed to exhaust her administrative remedies with regard to count III. Plaintiff filed two charges alleging sexual harassment. The first charge was filed on or around July 18, 2011; the second was initially filed on April 7, 2011, and perfected on or around November 15, 2011. As stated above, plaintiff cannot bring a claim based on the July 18, 2011, charge because she has not exhausted her administrative remedies. By plaintiff's own admission, she has not yet exhausted her administrative remedies with regard to the second charge. In her response to defendants' motion to dismiss, plaintiff admits that the November 15 charge is assigned to the IDHR. (Pl.'s Resp., at 6). In addition, because the IDHR does not begin its investigation until a claimant's charge is perfected, *McGee*, 2002 WL 449061, at *3 (citations omitted), I must look to the November 15, 2011, date when determining whether 365 days have passed since the filing of the charge. 365 days have not passed, and therefore plaintiff has not yet exhausted her administrative remedies. Plaintiff argues that I should find that she has sufficiently exhausted her administrative remedies for the following reasons: the EEOC issued right to sue letters on two other charges, the IDHR

7

informed her that it was not investigating the two other charges, and judicial efficiency requires all claims be brought at once. But plaintiff cites no supporting case law for the proposition that I may take into consideration factors other than those explicitly provided for by statute when determining whether plaintiff has exhausted her administrative remedies. As stated above, plaintiff cannot rely on the EEOC right to sue letters that she received to establish a right to sue under the IHRA. Further, the IHRA, "together with the [IDHR's and the Human Rights] Commission's rules and regulations, establish comprehensive administrative procedures governing the disposition of alleged civil rights actions." *Blount v. Stroud*, 328 Ill.Dec. 239, 245 (Ill. 2009). Because the IHRA specifically limits a court's jurisdiction to claims that meet specific procedural requirements, *see* 775 ILCS 5/7A-102, plaintiff cannot escape the statutory requirements by relying on the status of her other charges or on general principles of judicial efficiency. As such, count III is dismissed.

    D.  Count IV

Finally, the parties agree that there is no individual liability under Title VII. Plaintiff accordingly acquiesces to the dismissal of count IV against Lawson. However, as defendants have not raised an issue as to whether plaintiff has stated a claim against Centers, count IV is not dismissed as to Centers.

IV.

For the foregoing reasons, defendants' motion is granted. Count I against Lawson is dismissed, as is plaintiff's age-related discharge claim against Centers in Count I. Count II is dismissed with prejudice as to both defendants. Count III is dismissed as to both defendants. Finally, count IV is dismissed as to Lawson.


**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: June 25, 2012